UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OSCAR DANTZLER**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE,** *et al.*, <br><br> Defendants. | Case No. 22-cv-02003 (CRC) |

## OPINION

Plaintiff Oscar Dantlzer has filed a *pro se* Petition for a Writ of Mandamus against the United States Department of Justice and several other governmental and private parties. Dantzler alleges that his attorney in a discrimination lawsuit filed in the Eastern District of Louisiana is engaged in a criminal conspiracy with opposing counsel and the presiding judges in that case to disseminate his private information and sabotage his lawsuit. Dantzler filed this case seeking a writ of mandamus under two statutes—28 U.S.C. § 1361 and the All Writs Act, 28 U.S.C. § 1651—ordering the Department of Justice and Attorney General to criminally investigate that alleged conspiracy. Pet. for Writ of Mandamus at 14–19; see Amended Pet. at 3–5. Dantzler has moved to voluntarily dismiss all of the governmental defendants from the action. The Court will grant the motion and will dismiss the remainder of Dantzler's petition without prejudice.

Section 1361 gives federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus under this provision may issue only against "employees of the Executive branch." United States v. Choi, 818 F. Supp. 2d

79, 84 (D.D.C. 2011) (emphasis omitted). Dantzler has dismissed the governmental defendants. He cannot seek mandamus under § 1361 against the remaining, private defendants. See Dantzler v. U.S. Dep't of Just., Case No. 1:20-cv-01505 (TNM), 2021 WL 2809125, at *4 (D.D.C. July 6, 2021).

Dantzler also seeks a writ of mandamus under the All Writs Act, which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). But "the All Writs Act allows the Court to order a remedy only where subject matter jurisdiction already exists." Carson v. U.S. Off. of Special Couns., 563 F. Supp. 2d 286, 288 (D.D.C. 2008). Accordingly, "'there must be an independent statute that grants [the court] jurisdiction'—in other words, an underlying cause of action—before a plaintiff can receive relief under the All Writs Act." Manning v. Garland, No. CV 20-664 (TJK), 2021 WL 1209282, at *4 (D.D.C. Mar. 31, 2021) (alteration in original) (quoting Sai v. Trump, 325 F. Supp. 3d 68, 71 (D.D.C. 2018)). As just explained, the Court is dismissing Dantzler's § 1361 claim, and as pleaded, the Court cannot discern that Dantzler has invoked any other federal statute in his petition to provide jurisdiction for his All Writs Act claim. In re al-Nashiri, 791 F.3d 71, 76 (D.C. Cir. 2015) ("[T]here must be an 'independent' statute that grants us jurisdiction before mandamus can be said to 'aid' it." (quoting Clinton v. Goldsmith, 526 U.S. 529, 534–35 (1999)).[1] The Court therefore dismisses Dantzler's All Writs Act claim as well.

---

[1] Although Dantzler sprinkled an assortment of other statutes and constitutional provisions throughout his petition, including Title VII, RICO, and 42 U.S.C. § 1983, the Court does not understand him to be bringing claims under these provisions. Rather, these passing citations "reflect the crimes he asks the DOJ . . . to investigate." Dantzler, 2021 WL 2809125, at *4.

For these reasons, the Court will grant Plaintiff's Motion for Voluntary Dismissal as to the governmental defendants and will dismiss Plaintiff's petition for a writ of mandamus without prejudice. A separate Order shall accompany this opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: October 31, 2022